UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK DION NEELY-BEY TARIK-EL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:15-cv-363-WTL-DML |
| | ) |
| WENDY KNIGHT, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**Entry Sustaining Defense of Failure to Exhaust
Available Administrative Remedies and Directing Entry of Final Judgment**

**I. Background**

In this civil rights action brought by Mr. Neely-Bey Tarik-El, he alleges his rights under the First Amendment were violated by the defendants when they allegedly enforced a restriction placed on him by the Moorish Science Temple of America that suspended him from participating in religious services. His claims are brought pursuant to 42 U.S.C. § 1983. He seeks injunctive relief.

The defendants have presented as an affirmative defense their contention that Mr. Neely-Bey Tarik-El failed to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA) prior to filing this action. Specifically, the defendants argue that Mr. Neely-Bey Tarik-El failed to file an appeal of the denial of his formal grievance.

The Court denied the defendants' motion for summary judgment. The Court held a hearing on June 29, 2016, pertaining to the exhaustion defense. The parameters of the hearing were established by *Pavey v. Conley*, 544 F.3d 739, (7th Cir. 2008). Mr. Neely-Bey Tarik-El was present

in person and represented by Mr. Nicholas Baker.[1] The defendants were represented by counsel. Documentary evidence was submitted, as well as testimony from the plaintiff, plaintiff's witness James Clemens, and from defendants' witness, grievance administrator Robert Stafford. The Court has considered the evidence presented in support of and in opposition to the motion for summary judgment.

The burden of proof as to the defense rests on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)). For the reasons set forth in this Entry, the Court finds that Mr. Neely-Bey Tarik-El did not exhaust his administrative remedies as required by the PLRA.

## II. Discussion

### A. Legal Standards

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The statutory exhaustion requirement is that "[n]o action shall be brought with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

---

[1] The Court acknowledges its gratitude to Mr. Baker for his efforts on behalf of Mr. Neely-Bey Tarik-El.

properly exhaust, a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require.") (internal quotation omitted). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

### B. Undisputed Findings of Fact

Having considered the evidence presented at the hearing, the Court makes the following findings of fact:

Mr. Neely-Bey Tarik-El was incarcerated at the Pendleton Correctional Industrial Facility ("CIF") at all time relevant to this action. The Indiana Department of Correction ("IDOC") has a three step administrative remedy process for inmates which is set forth in the "Offender Grievance Process" policy No. 00-02-301 ("Grievance Policy"). First, an inmate must attempt to resolve the grievance informally by communicating with prison staff. Second, if the informal grievance is not successful, the inmate can file a written formal grievance with the Executive Assistant. Third, if not satisfied with the Executive Assistant's response, the inmate may file an appeal. An appeal must be submitted to the person, or in the manner, or both, as designated by the facility for persons living in the offender's housing unit, within ten working days from the date of the grievance response. If the offender receives no grievance response within twenty-five working days of the day he submitted the grievance, he may appeal as though the grievance had been denied. In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends ten working days later. (Defendants' Ex. 1, pp. 14-25).

Robert Stafford is the grievance administrator at CIF. He is responsible for the grievance process at CIF. His responsibilities as grievance administrator include collecting grievances and grievance appeals, logging the grievances and grievance appeals into the Offender Grievance

Review and Evaluation System ("OGRE"), investigating and responding to grievances and sending grievance appeals to central office of the IDOC.

The IDOC grievance policy 00-02-301 was in effect in December of 2014, when Mr. Neely-Bey Tarik-El submitted his grievance regarding a suspension from religious services. Upon arriving at CIF inmates go through an orientation process and receive a handbook which includes information explaining the grievance process.

The offender submits the grievance form to the person, or in the manner, or both, that the facility designates for persons living in the offender's housing unit. (Defendants' Ex. 1, pp. 14-25). At CIF, there are several ways for offenders to submit a grievance. First, is a central box located in the offender dining hall. This box is marked as the offender grievance box. It is a secure location and Mr. Stafford has a key and checks the box daily in the morning. Second, there is an offender mailbox located in the housing units. Mail placed in the offender mailbox are delivered to the mailroom and then delivered to Mr. Stafford. Finally, offenders are able to submit a grievance directly to the housing unit counselor.

IDOC policy dictates that during orientation each facility explain to the offender how the grievance process and policy works. During the orientation process, offenders are instructed to place a grievance or grievance appeal in the grievance box outside of the dining hall. Mr. Neely-Bey Tarik-El received orientation as a new arrival at CIF, along with a copy of the offender handbook on March 8, 2012. (Plaintiff's Ex. 4).

Mr. Neely-Bey Tarik-El is a member of the Moorish Science Temple of America. He alleges that his First Amendment rights were violated by the defendants when they allegedly enforced a restriction placed on him by the Moorish Science Temple of America that suspended him from participating in religious services.

Mr. Neely-Bey Tarik-El submitted his formal grievance concerning his suspension from religious services on December 22, 2014. (Defendant's Ex. 3, p. 1). Mr. Stafford determined this was a grievable issue, logged it into the OGRE system, and assigned grievance number 86046. (Defendant's Exs. 2, 3). He also provided Mr. Neely-Bey Tarik-El a receipt of grievance. [dkt. 21-1, at p. 1]. He then requested statements from the parties involved in the issue and investigated the claims in the grievance. Chaplain Smith provided a response to Mr. Stafford's inquiry. (Defendant's Ex. 3, p. 2). Based on Smith's statement and his investigation, Mr. Stafford sent a formal level one response to Mr. Neely-Bey Tarik-El denying his formal grievance on December 31, 2014. (Defendant's Ex. 3, p. 3). Mr. Neely-Bey Tarik-El received a copy of the denial of the formal grievance. [dkt. 21-1, at p. 2]. Attached to the denial of the formal grievance was an appeal form. As of the date of the *Pavey* hearing, Mr. Stafford did not receive a grievance appeal from Mr. Neely-Bey Tarik-El.

Offender James Clemens testified he is aware of instances where Mr. Stafford misplaced or lost appeals. Specifically, Mr. Clemens placed a grievance in the grievance box in the dining hall. When he received no response, he inquired to Mr. Stafford as to the status of his grievance. Mr. Stafford responded he did not have it and instructed Mr. Clemens to resubmit the entire grievance. This is not the only instance Mr. Clemens has experienced lost grievances or appeals. Mr. Clemens also explained that the grievance process is explained when inmates arrive at the facility.

### C. Analysis

The testimony of Robert Stafford, the grievance administrator, was credible. He testified in detail as to how he consistently performs his job. His records reflect that Mr. Neely-Bey Tarik-El did not file an appeal of the formal grievance relating to his suspension from religious services.

Mr. Neely-Bey Tarik-El's witness, Mr. Clemens, bolstered the defendants' position that the grievance process works in the manner that Mr. Stafford described. On an occasion that Mr. Clemens did not receive a response to his grievance, he notified Mr. Stafford and was instructed to resubmit the entire grievance. Additionally, Mr. Clemens confirmed that the grievance process is explained to inmates upon their arrival at CIF.

Mr. Neely-Bey Tarik-El was not credible for many reasons. First, at the hearing, Mr. Neely-Bey Tarik-El testified he did not read the handbook he received at orientation at CIF. However, during the deposition he testified that he did read the handbook he received during at orientation at CIF.

Second, at the hearing and during the deposition, Mr. Neely-Bey Tarik-El stated he did not recall if he received the receipt of grievance from Mr. Stafford. He also testified at the deposition that he did not receive the receipt of grievance. However, Mr. Neely-Bey Tarik-El attached the receipt of grievance to a document he titled "Objection Notice" that was filed with the Court on October 6, 2015. [dkt. 21]. At the hearing, he explained that he received the receipt of grievance from defendants' counsel as an attachment to defendants' motion for summary judgment that was filed on October 26, 2015. The certificate of service attached to the defendants' motion for summary judgment indicates it was mailed to Mr. Neely-Bey Tarik-El on October 26, 2015. As such, Mr. Neely-Bey Tarik-El was in possession of the receipt of grievance prior to the filing of the defendant's motion for summary judgment and was not truthful with the Court regarding when or how he came to be in possession of this document.

Third, Mr. Neely-Bey Tarik-El testified at the hearing that the grievance process is not explained to inmates upon their arrival at CIF, or that inmates are not instructed where to place a grievance or grievance appeal. However, his witness, Mr. Clemens, testified the grievance process

is explained to inmates upon their arrival at CIF, and that inmates are instructed to place a grievance or grievance appeal in the grievance box outside of the dining hall.

Finally, in his complaint, Mr. Neely-Bey Tarik-El wrote that he placed his grievance appeal in the mail box which was sent to the IDOC central office. [dkt. 1, at p. 3]. In contrast, at the hearing, he testified that he placed his grievance appeal in the grievance box in the dining hall. Additionally, he had previously availed himself of the grievance process, including an appeal, in 2012. [dkt. 22-1, at p. 37]. As such, he was familiar with the grievance process at CIF.

Mr. Neely-Bey Tarik-El's testimony at the hearing was riddled with inconsistencies such that his testimony at the hearing was not credible. Stated another way, the Court simply does not believe that, despite exhausting his administrative remedies in 2012, Mr. Neely-Bey Tarik-El did not know the proper procedure to exhaust in 2014. Or that he did not read the inmate handbook that contained the grievance procedure, or that he was not oriented to the grievance procedure when he arrived at CIF. Because Neely-Bey Tarik-El was not credible, there is no credible evidence to support a finding that he exhausted his administrative remedies by filing an appeal of the denial of his formal grievance.

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809. Although "[p]rison officials may not take unfair advantage of the exhaustion requirement, … and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance," *id.,* the record does not reflect that the grievance procedure at CIF was unavailable to Mr. Neely-Bey Tarik-El at any time in 2014.

Under these circumstances, the defendants have met their burden of proving there was an available administrative grievance procedure that Mr. Neely-Bey Tarik-El failed to complete

before he filed this lawsuit.

### III. Conclusion

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Neely-Bey Tarik-El's action should not have been brought and must now be dismissed without prejudice. *See Ford*, 362 F. 3d at 401 ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."); *see also Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983.").

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/10/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel